IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **Ergun M. Caner,** | : No.: 6:14-cv-4 |
|     **Plaintiff** | : |
|     v. | : Civil Action - Law |
| | : Jury Trial Demanded |
| **Jonathan Autry,** | : (Electronically Filed) |
|     **Defendant** | : |

**Reply Brief in Support of
Motion to Dismiss,
<u>Or, in the Alternative, for Summary Judgment</u>**

 

**Joshua M. Autry, Esquire
Pa. Supreme Ct. I.D. 208459
Clymer Musser & Conrad, P.C.
408 W. Chestnut St.
Lancaster, PA 17603
Phone: (717) 299-7101
Fax: (717) 299-5115
<u>josh.autry@clymerlaw.com</u>
Counsel for Jonathan Autry**

**Dated: April 4, 2014**

i

I.   **Procedural History:**

On June 18, 2013, Dr. Ergun Caner filed a Complaint in the Northern District of Texas. On October 14, 2013, Dr. Ergun Caner filed an Amended Complaint. In Counts 1 and 2, Dr. Caner alleges that Jonathan Autry infringed his copyright by posting two videos on YouTube. Jonathan Autry and Jason Smathers filed a Motion to Dismiss, or, in the Alternative, for Summary Judgment. Dr. Caner filed a response. Before the reply deadline, the Northern District of Texas severed the case and transferred the case against Jonathan Autry to this Court. The Motion to Dismiss or, in the Alternative, for Summary Judgment is still pending. Jonathan Autry files this reply brief in support of the Motion.[1]

II.   **Argument:**

Dr. Caner's response to the Motion to Dismiss or for Summary Judgment is woefully deficient. As explained herein, Dr. Caner concedes virtually every argument raised by Jonathan Autry.

A.   **Dr. Caner does not argue that he has an exclusive right to the videos.**

Dr. Caner claims that he has applied for a copyright registration. However, Dr. Caner still must demonstrate, as an element of his copyright claim in this Court, that he has *exclusive* rights over the videos. *See* 17 USCS § 101 (definition of "copyright owner"). Dr. Caner has not done so.

To survive a motion to dismiss, Dr. Caner muse state a "plausible" claim to relief "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 & 1974 (2007). Likewise, to defeat summary judgment, Dr. Caner cannot rely on "unsubstantiated assertions, improbable inferences, and unsupported speculation." *EsNtion Records, Inc. v.*

---

[1] As of this date, the Northern District of Texas has not ruled on the Motion to Dismiss or Summary Judgment as to Jason Smathers.

*TritonTM, Inc.*, 2009 U.S. Dist. LEXIS 106370, 4-7 (N.D. Tex. Nov. 13, 2009) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994)).

It is simply not plausible that Dr. Caner could have any exclusive rights to the videos in question. Dr. Caner concedes that the USMC provided the lecture videos to Jason Smathers in response to a FOIA request. Obviously, if the entire population of the United States is entitled to request and receive the videos, then Dr. Caner cannot claim any right to exclusivity.

Dr. Caner also concedes that the lectures to the USMC are ineligible for a copyright because they are U.S. Government property. 17 USCS § 105. U.S. Government officer(s) or employee(s) made and produced the video as part of their official duties, 17 USCS § 101, and Dr. Caner has no *exclusive* right to the contents. Dr. Caner further concedes that he is ineligible for a copyright as a contractor. 17 USCS § 201(b). Dr. Caner does not dispute that, under the Defense Department regulations, he "assign[ed] copyright" of the videos to the Government, and the Government has "unlimited rights" over the videos, including to "reproduce, prepare derivative works from, distribute, perform, or display, and to have or authorize others to do so…" DFARS 252.227-7020(c)(1-3). Accordingly, the videos are the sole property of the USMC, and it had every right to distribute the video as it sees fit. Put simply, Dr. Caner has no basis to assert any exclusive right to the contents and thus has no basis for a copyright. Accordingly, this Court should dismiss his claims with prejudice or grant summary judgment.

> **B.    Dr. Caner concedes that Jonathan Autry posted the videos as fair use criticism.**

Dr. Caner does not dispute that the videos were posted as fair use criticism of Dr. Caner. Dr. Caner seeks a copyright not to make a profit, but rather to hide his own words. Dr. Caner brings this lawsuit not to protect his work and his business, but rather to silence his critics. Dr. Caner's

motive is simply to lock the videos away so that no one can expose his dishonesty. The First Amendment and Copyright Act prohibits this assault on the right to speak freely on a matter of public concern. 17 USCS § 107. This Court should preserve the right to criticize a public figure, not enshrine a public figure's ability to use the court system to silence his critics.

### C. Dr. Caner has waived and given license to use the videos.

As explained above, the USMC had full legal right to provide the videos to Jason Smathers. Mr. Smathers, in turn, had permission from the USMC to post the videos he received from the FOIA request. Jonathan Autry had permission by extension from Mr. Smathers. Dr. Caner does not dispute any of this. Dr. Caner also waived any right to sue for infringement. Accordingly, Dr. Caner cannot sue Jonathan Autry for infringement. *Baisden v. I'm Ready Prods.*, 693 F.3d 491, 499-500 (5th Cir. 2012); *Veeck v. S. Bldg. Code Congress Int'l, Inc.*, 241 F.3d 398, 409 (5th Cir. 2001).

### D. Dr. Caner concedes that he cannot seek damages or attorney fees.

Dr. Caner fails to plead any actual damages. Because Dr. Caner still has not obtained a copyright, Dr. Caner cannot seek statutory damages or attorney fees either because the alleged infringement began before he registered any copyright. *See* 17 U.S.C. § 412; *Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 144 (5th Cir. Tex. 1992); *EsNtion Records, Inc. v. TritonTM, Inc.*, 2009 U.S. Dist. LEXIS 106370, 19-21 (N.D. Tex. Nov. 13, 2009); *CHM Indus., Inc. v. Structural & Steel Prods., Inc.*, 2008 U.S. Dist. LEXIS 86433, 8-9 (N.D. Tex. Oct. 27, 2008).

**E.     Dr. Caner concedes that he cannot seek any relief against Jonathan Autry because Jonathan Autry has agreed to everything Dr. Caner asks for.**

Dr. Caner does not dispute that Jonathan Autry tried to amicably resolve this matter. The allegedly infringing video was taken down, and Dr. Caner has no reason to believe that Jonathan Autry will ever re-post the video. *Paper Thermometer Co. v. Murray*, 2012 U.S. Dist. LEXIS 7045, 26-27 (D.N.H. 2012). Dr. Caner further concedes that he has no live controversy against Jonathan Autry and, thus, no standing under Article 3 to seek a declaratory judgment. *Velvet Underground v. Andy Warhol Found. for the Visual Arts, Inc.*, 890 F. Supp. 2d 398, 411 (S.D.N.Y. 2012).

**F.     Dr. Caner does not dispute that this Court should award attorney fees and costs to Jonathan Autry if he prevails.**

Dr. Caner concedes that this Court should award attorney's fees to Jonathan Autry and if he is the prevailing party in this litigation. *See EsNtion Records, Inc. v. TritonTM, Inc.*, 2009 U.S. Dist. LEXIS 106370, 27 (N.D. Tex. Nov. 13, 2009).

4

**III.** **Conclusion**

Therefore, Jonathan Autry requests this Honorable Court dismiss this action with prejudice, or in the alternative, grant summary judgment.

                                        Respectfully Submitted,

By:   /s/ Joshua M. Autry_____
Joshua M. Autry, Esquire
PA Attorney I.D. #208459
408 West Chestnut Street
Lancaster, PA    17603
Telephone:   717.299.7101
Facsimile:   717.299.5511
Counsel for Jonathan Autry

Date:   April 4, 2014

5

## CERTIFICATE OF SERVICE

      I hereby certify that on the date listed below I electronically filed the foregoing with the Court using the CM/ECF system, which sent notification of such filing to the following person(s) at the following email address(es):

      David C. Gibbs
      dgibbs@gibbsfirm.com

      /s/ Joshua M. Autry
      Joshua M. Autry, Esquire

Dated: April 4, 2014