## DECLARATION OF JOSHUA M. AUTRY, ESQUIRE

I, Joshua M. Autry, Esquire, hereby swear and depose as follows:

1. I make this declaration pursuant to 28 U.S.C. § 1746.

2. I represent Jonathan Autry, my older brother, in this case.

3. I am a member of the Pennsylvania Bar and have been admitted to practice before the Third Circuit Court of Appeals, the U.S. District Court for the Eastern District of Pennsylvania, the U.S. District Court for the Middle District of Pennsylvania, and the U.S. District Court for the Western District of Pennsylvania. I have also been admitted *pro hac vice* in other jurisdictions in federal district courts in Arkansas, Louisiana, Texas, Vermont, and now Virginia.

4. I graduated from Liberty University in 2005 with a degree in Government and from the Washington & Lee University School of Law in May of 2008.

5. I have attached a current resume. This is my first and to-date only copyright case. I have handled numerous First Amendment cases and there is a strong First Amendment component in the fair use doctrine. I have had considerable litigation experience in federal courts. Although this case did not end up going to trial, that is always a possibility. Should it have come to that, I have been fortunate enough to handle 15 trials, sitting as first chair in 11 of those trials. If this case ended up on appeal, I have handled numerous appeals and have a few published appellate victories.

6. I took this case as an associate at Clymer, Musser & Conrad, P.C. I am now an associate at Lavery Faherty Patterson (as of last week). At both firms, the partners agreed to let

me take the case because of its frivolous nature and due to the expectation of fees given even-handed fee-shifting statute for copyright actions. At both firms, my time spent on the case has caused a trade-off, with each hour preventing me from working on other work. At my prior firm, my time caused me to do less work on both contingency fee cases and hourly retainer cases. At my current firm, each hour spent on this case, is an hour I cannot spend on an hourly retainer case.

7. The hours put into this litigation were reasonable.

8. As explained in my brother's declaration in support of summary judgment, my brother made reasonable efforts to resolve this case from the beginning. My brother, unemployed at the time of his declaration, is now an Adult Day Service Aid.

9. Dr. Caner has made this case unnecessarily time consuming. Dr. Caner force me to get admitted in the Northern District of Texas *pro hac vice* by filing in a state without jurisdiction or venue. Then Dr. Caner forced me to research and brief a motion to dismiss for lack of venue or jurisdiction and a motion to transfer with a supporting brief due to the fact that he initially opposed a transfer (although he later consented well-after I had to file my briefs). On top of that, Dr. Caner opposed the motion to stay discovery for apparently no reason other than to force me to brief the issue.

10. Not until after transfer of the case to this Court did Dr. Caner's counsel drop his settlement demands that (1) Jonathan Autry turn over correspondence and names of other critics, and (2) Jonathan Autry's wife and three minor children sign non-disparagement. Even then, Dr. Caner's counsel expressed that Jonathan Autry must agree to a broad non-disparagement clause to prevent any future criticism of Dr. Caner and that would require Jonathan Autry to take down any existing criticism on the internet. Dr. Caner's counsel would not accept a settlement limited

to simply not re-posting the alleged copyright infringing videos. In fact, Dr. Caner's counsel did not even use the word "copyright" in settlement negotiations to my knowledge. It is worth noting that Dr. Caner never actually made this settlement offer and Dr. Caner's counsel repeatedly expressed that he had no authority to settle. Dr. Caner's counsel explained that if, and only if, Jonathan Autry would agree to the terms proposed by Dr. Caner's counsel, then Dr. Caner's counsel would seek authority from Dr. Caner to reach such a deal. In response, Jonathan Autry demanded approximately $10,000.00 for my fees to date at the time, which Dr. Caner refused to pay as part of settlement.

11. As to the necessary dispositive motion, it involved a plethora of issues, including standing to sue under the Copyright Act, fair use, license to use a copyrighted work, waiver of a copyright, the ability to seek attorney fees for an unregistered copyright, and whether an injunction is appropriate. The hours expended were necessary. On the other side of a dispositive motion, a defendant does not know for certain whether a court will agree even if the defendant believes that the case is frivolous for multiple reasons. As counsel, I needed to provide full representation. I found legitimate and strong caselaw in support of each defense.

12. I chose to save time by not re-doing my research after the switch to the Fourth Circuit and seeking to file a supplemental brief with Fourth Circuit caselaw. While such research would have aided the court, as counsel, I had to make tough decisions about the amount of work consumed by this case and about the reasonableness of the fees. After reviewing this Court's lengthy decision, I feel that I did not put *enough* hours into researching the issues.

13. Likewise, I saved time by requesting that oral argument and the conference with Magistrate Ballou be held by phone conference. If I had to drive to Virginia for each event, there would have been eight hours of round trip travel. For this very reason, I sought to stay discovery.

Not only did I have reason to believe that Dr. Caner would seek overly broad and harassing discovery that would create mini-litigation in and of itself, but discovery is time-consuming. In an effort to keep hours down in this case, I sought for a delay in discovery and chose not to send discovery requests until after this Court's ruling (a decision that fortunately worked out).

14. The hours submitted to not include any time between the filing of the original Complaint and the filing of the Amended Complaint. I did not keep track of my hours at that point because I was hopeful that Dr. Caner would be reasonable and would drop this baseless case (a hope of mine that unfortunately did not work out, at least until recently). For this reason though, the time submitted does not include review of the original Complaint in June, settlement discussions in June and July, interviewing my brother in preparation of a defense in June and July, preliminary research into the claims, and anything else I did on the case before October. For these reasons, I believe the fees to be abundantly reasonable.

15. Based upon my research, a reasonable hourly rate for an attorney in the Western District of Virginia and in the Northern District of Texas is at least $250 and a reasonable hourly rate for paralegals is at least $75.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 28, 2014